# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| RESURGENT TECH, LLC d/b/a <br> VERSATEK, f/k/a VERSATEK, LLC <br> v. <br><br> CITY OF GALENA d/b/a PREMIER <br> SURGICAL INSTITUTE, and JOSEPH M. <br> CAPUTO | § § § § § § § § § | Civil Action No. 4:16-CV-00334 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion to Remand (Dkt #9). Having considered the relevant pleadings, the Court is of the opinion that the Motion to Remand should be denied.

### BACKGROUND

On February 12, 2016, Plaintiff Resurgent Tech, LLC d/b/a VersaTek, f/k/a VersaTek, LLC ("Plaintiff") filed its Original Petition against the City of Galena d/b/a Premier Surgical Institute and Joseph M. Caputo ("Defendants") in the 219th Judicial District Court of Collin County, Texas (Dkt. #1, Exhibit 4). The Original Petition asserts that Plaintiff is a Texas limited liability company with its principal place of business in Collin County, Texas, and that Defendants are residents of Galena, Kansas (Dkt. #1, Exhibit 4 at pp. 1–2). On April 21, 2016, Defendants received Plaintiff's discovery responses identifying Plaintiff's members as Adam Nix ("Nix") and Rob McDonald ("McDonald") (Dkt. #1, Exhibit 9 at pp. 5–6). The discovery responses state that both Nix and McDonald are Texas residents (Dkt. #1, Exhibit 9 at pp. 5–6).

On May 20, 2016, Defendants filed a Notice of Removal in this Court based on diversity jurisdiction (Dkt. #1 at p. 4). On June 20, 2016, Plaintiff filed a Motion to Remand, asserting that Defendants' removal was untimely (Dkt. #9). On July 5, 2016, Defendants filed a Response

to Plaintiff's Motion to Remand (Dkt. #13). Plaintiff filed a Reply on July 15, 2016 (Dkt. #15) and Defendants filed a Sur-Reply on July 18, 2016 (Dkt. #17).

## STANDARD

The timing of removal is governed by 28 U.S.C. Section 1446, which "when read as a whole . . . provides a two-step test for determining whether a defendant timely removed a case." *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 161 (5th Cir. 1992). First, "if the case stated by the initial pleading is removable, then notice of removal must be filed within thirty days from the receipt of the initial pleading by the defendant." *Id*. However, "if the case stated by the initial pleading is not removable, then notice of removal must be filed within thirty days from the receipt of an amended pleading, motion, order, or other paper from which the defendant can ascertain that the case is removable." *Id.*

For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of its members. *See Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1080 (5th Cir.2008); *Hockessin Holdings, Inc. v. Ocwen Loan Servicing, LLC*, No. 4:15CV704, 2016 WL 1046270, at *1 (E.D. Tex. Mar. 16, 2016). A party filing a notice of removal based on diversity jurisdiction must "distinctly and affirmatively" plead the citizenship of each party. *Mullins v. Testamerica Inc.*, 300 F. App'x 259 (5th Cir. 2008) (citations omitted). The basis upon which jurisdiction depends "cannot be established argumentatively or by mere inference." *Id.* at 260. A notice of removal "omitting an unincorporated organization's members and their respective states of citizenship . . . [is] insufficient to establish the existence of diversity jurisdiction." *Elizondo v. Keppel Amfels, L.L.C.*, No. 1:14-CV-220, 2015 WL 1976434, at *2 (S.D. Tex. May 1, 2015) (citing *Mullins*, 300 F. App'x at 260).

## ANALYSIS

Here, Plaintiff's Original Petition does not provide any information about the citizenship of Plaintiff, which is determined by the citizenship of its members (Dkt. #1, Exhibit 4 at p. 1). Plaintiff contends that Defendants were aware of Plaintiff's Texas citizenship based on prior conversations or should have been aware of Plaintiff's citizenship based on publicly available resources (Dkt. #9 at p. 11). However, jurisdiction "cannot be established argumentatively or by mere inference" and the case, as stated by the initial pleadings, was not removable. *Mullins*, 300 F. App'x at 260. Further, Defendants could not file a notice of removal upon receipt of Plaintiff's Original Petition because Defendants could not "distinctly and affirmatively" allege the citizenship of each party. *Id*. The case did not become removable until Plaintiff disclosed information regarding its citizenship on April 21, 2016. Defendants' Notice of Removal was thus timely filed on May 20, 2016.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion to Remand (Dkt. #9) is hereby **DENIED.**

**SIGNED** this 22nd day of September, 2016.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE